# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:21-cr-110 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| ROBERT JAMES DAVIS, JR. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| ) | |

## MEMORANDUM AND ORDER

Defendant Robert James Davis, Jr. filed a motion to suppress all evidence obtained pursuant a search of his vehicle and certain incriminating statements he made to law enforcement. (Doc. 17.) United States Magistrate Judge Christopher H. Steger held a hearing and filed a report and recommendation, recommending that the Court deny in part and grant in part the motion to suppress. (Doc. 27.) Defendant timely objected (Doc. 28), and the Government responded (Doc. 29). For the reasons set forth below, the Court will **ACCEPT** and **ADOPT** the report and recommendation (Doc. 27) and will **DENY IN PART** and **GRANT IN PART** Defendant's motion to suppress (Doc. 17).

## I. STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). *De novo* review does not, however, require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The magistrate judge, as the factfinder, has the opportunity to observe and to hear the witnesses and to assess their demeanor, putting him in the best position to determine credibility. *Moss v.*

*Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999). A magistrate judge's assessment of witnesses' testimony is, therefore, entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003); *see also United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Defendant's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.*

## II. BACKGROUND

On September 28, 2021, a grand jury returned a one-count indictment charging Defendant with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) On December 20, 2021, Defendant filed a motion to suppress, arguing that law enforcement searched his vehicle without a warrant and without an exception to the warrant requirement in violation of his rights under the Fourth Amendment to the United States Constitution. (Doc. 17.) Defendant also argued that the Court should suppress certain statements made to law enforcement officers because he made the statements while in custody without officers advising him of his *Miranda* rights. (*Id.*)

Magistrate Judge Steger conducted a hearing on Defendant's motion to suppress on February 14, 2022. Chattanooga Police Department Officer Derek Roncin was the only witness to testify at the hearing. After the hearing, Magistrate Judge Steger entered a report and recommendation, recommending that the Court grant in part and deny in part Defendant's motion to suppress. (Doc. 27.) In his report and recommendation, Magistrate Judge Steger found, among other things, that: (1) Officer Roncin was a credible witness (*id*. at 1–2); (2) Officer Roncin did not violate Defendant's Fourth Amendment rights by opening his car door under the community-caretaker exception to the warrant requirement (*id.* at 7); (3) Officer Roncin's credible testimony that he immediately smelled the odor of marijuana and alcohol upon opening the vehicle's door provided the requisite probable cause to search the vehicle for alcohol and marijuana (*id*. at 7–8); (4) Officer Roncin also possessed a sufficient reasonable suspicion to conduct a *Terry* stop based on the odor of alcohol and marijuana coming from the vehicle (*id*. at 8–10); (5) Defendant was placed under arrest when he attempted to run away and Officer Roncin had to subdue him and handcuff him (*id*. at 10–12); (6) certain statements made by Defendant after his arrest were volunteered and not made in response to custodial interrogation (*id*. at 12–13); and (7) Officer Roncin violated Defendant's Fourth Amendment rights by eliciting a response to the question why Defendant thought he was going to jail without first providing Defendant with *Miranda* warnings (*id*.).

Based on these findings, Magistrate Judge Steger recommended that Defendant's motion to suppress be: (1) denied as to "all physical evidence seized from the search of Defendant's [vehicle] and his person on [January 2, 2021],[1] at the Circle K convenience store and gas station

---

[1] Magistrate Judge Steger's report and recommendation appears to include a scriveners' error which references the date of the suppression hearing instead of the date of the underlying search.

3

<mark>Case 1:21-cr-00110-TRM-CHS   Document 30   Filed 07/05/22   Page 3 of 8   PageID #: 180</mark>

in Hixson, Tennessee"; (2) denied as to "all statements Defendant made on [January 2, 2021], at the Circle K in Hixson, Tennessee, subject to the following exception"; and (3) granted as to Defendant's response to Officer Roncin's question as to why Defendant believed he was going to prison. (*Id*. at 13.)

On June 13, 2022, Defendant timely filed objections to Magistrate Judge Steger's report and recommendation, objecting to his findings that (1) Officer Roncin's testimony at the suppression hearing was credible; (2) Officer Roncin "was not engaged in traditional law enforcement function but the Community Caretaker function when he began his search of the vehicle"; and (3) "Office[r] Roncin could intrude into the private space of Defendant's car without justification to develop probable cause." (Doc. 28, at 2.) Defendant did not object to Magistrate Judge Steger's description of the evidence presented at the suppression hearing and summarized in his report and recommendation; he did, however, object to Magistrate Judge Steger's finding that Officer Roncin's testimony was credible. (*See id*.) After reviewing the evidence presented at the suppression hearing *de novo*, including Officer Roncin's testimony, his body-cam video, and his patrol car's dash-cam video, the Court finds the facts set forth in Magistrate Judge Steger's report and recommendation consistent with the evidence presented. Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set forth in Magistrate Judge Steger's report and recommendation (Doc. 27, at 1–4). *See, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013) (affirming the district court's adoption of the facts set out in a magistrate judge's report and recommendation when the defendant did not object to the facts outlined by the magistrate judge). The Court will refer to the facts only as necessary to analyze the issues raised in Defendant's objections to the report and recommendation.

### III. ANALYSIS

Defendant first objects to Magistrate Judge Steger's finding that Officer Roncin was a credible witness, noting, among other things, that he testified he did not find drugs or alcohol in Defendant's vehicle, but, during cross-examination, testified that he found "seeds" but did not save them. (Doc. 28, at 2–5.) Magistrate Judge Steger's credibility determination is entitled to deference because he was in the best position to observe and hear Officer Roncin's testimony and assess his demeanor at the suppression hearing. *Moss*, 286 F.3d at 868; *Hill*, 195 F.3d at 264–65; *Irorere*, 69 F. App'x at 236; *Navarro-Camacho*, 186 F.3d at 705. Moreover, the Court has conducted a *de novo* review of Officer Roncin's testimony, as well as the body-cam and dash-cam evidence presented during the suppression hearing, and finds that Officer Roncin's testimony was consistent with the recordings capturing his interactions with Defendant. Accordingly, Defendant's objection to Magistrate Judge Steger's finding that Officer Roncin testified credibly is **OVERRULED**.

Defendant next objects to Magistrate Judge Steger's finding that Officer Roncin did not violate his Fourth Amendment rights when he searched his vehicle. (Doc. 28, at 5–11.) As Magistrate Judge Steger's report and recommendation explains, and consistent with the evidence presented at the suppression hearing, the community-caretaker exception to the warrant requirement permitted Officer Roncin to open the door to Defendant's vehicle without a warrant to determine whether there was a medical emergency. *See United States v. Lewis*, 869 F.3d 460, 463 (6th Cir. 2017). And, although approximately twenty-eight seconds elapsed between the time the car door opened and when Officer Roncin asked Defendant about how much he had to drink, Officer Roncin credibly testified at the suppression hearing that he smelled the odor of alcohol and marijuana "immediately" when the car door was opened. As a result, Officer Roncin

had probable cause to search the vehicle without a warrant. *See*, *e.g.*, *United States v. Foster*, 376 F.3d 577, 588 (6th Cir. 2004) ("[W]hen the officers detected the smell of marijuana coming from Foster's vehicle, this provided them with probable cause to search the vehicle without a warrant."); *United States v. Avant*, 650 F. App'x 890, 892 (6th Cir. 2016) ("We have held that an officer's detection of the smell of marijuana in an automobile can by itself establish probable cause for a search."). Accordingly, Defendant's objection to Magistrate Judge Steger's finding that Officer Roncin's search of his vehicle did not violate his Fourth Amendment rights is **OVERRULED**.

## IV. CONCLUSION

For the reasons stated herein, Defendant's objections to Magistrate Judge Steger's report and recommendation (Doc. 28) are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 27) and **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to suppress (Doc. 17). Specifically, Defendants motion to suppress is (1) **DENIED** as to all physical evidence seized from the search of Defendant's [vehicle] and his person on [January 2, 2021], at the Circle K convenience store and gas station in Hixson, Tennessee; (2) **DENIED** as to all statements Defendant made on [January 2, 2021], at the Circle K in Hixson, Tennessee, subject to the following exception; and (3) **GRANTED** as to Defendant's response to Officer Roncin's question as to why Defendant believed he was going to prison.

Additionally, the following new trial schedule is **ORDERED**:

1. Plea Bargaining shall be concluded by **July 25, 2022**, and any written agreement shall be executed by said date.

2. All motions shall be filed no later than **July 25, 2022**.

3. All requests for jury instructions shall be submitted no later than **August 8, 2022**. The parties shall confer and submit a joint proposal for jury instructions. Before submitting the joint proposal to the Court, the parties must attempt to resolve any disagreements. To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal. All jury instructions in the joint proposal, including agreed instructions and competing instructions, shall be supported by citations of authority. A copy of the proposed jury instructions should be sent in Microsoft Word format to **mcdonough_chambers@tned.uscourts.gov**.

4. A final pretrial conference shall be held before the United States District Judge at **3:00 p.m.** on **August 8, 2022**, in Chattanooga, Tennessee. At or before the final pretrial conference, all parties shall provide a notebook to the Court with exhibits they expect to offer during their cases-in-chief. Each party should also file a written submission advising the Court: (1) how and by whom each document will be authenticated, and (2) the theory of admissibility for the document, with appropriate references to the Federal Rules of Evidence. At the final pretrial conference, the parties should also be prepared to advise the Court whether they intend to offer any out-of-court statements as evidence beyond what is reflected in the exhibit notebook and be prepared to explain why each statement is not barred by the rule against hearsay, the Confrontation Clause, or any other basis. The parties should also be prepared to discuss evidence relating to a crime, wrong, or other act by the defendant, whether that evidence is admissible under Federal Rule of Evidence 404(b)(2), and whether the Government has given appropriate notice. The parties shall also disclose to one another and to the Court the technology they intend to use in the courtroom during the trial and how they intend to use it (e.g., display equipment, data storage, retrieval, or presentation devices). This disclosure shall list: (1) the

equipment the parties intend to bring into the courtroom to use and (2) the equipment supplied by the Court the parties intend to use.  Further, the parties shall disclose to one another the content of their electronic or digital materials by the time of the final pretrial conference and shall confirm the compatibility/viability of their planned use of technology with the Court's equipment by the final pretrial conference.  General information regarding equipment supplied by the Court is available on the Eastern District of Tennessee website (**www.tned.uscourts.gov**).  Specific questions about Court-supplied equipment should be directed to the courtroom deputy (directory available on website).

   5. The trial of this case will be held before the United States District Judge and a twelve-person jury beginning on **August 15, 2022, at 9:00 a.m.** in Chattanooga, Tennessee.  If this case is not heard immediately, it will be held in line until the following day or any time during the week of the scheduled trial date.

   **SO ORDERED.**

                */s/Travis R. McDonough*
                **TRAVIS R. MCDONOUGH**
                **UNITED STATES DISTRICT JUDGE**